D. M. Osborne & Co. *vs.* Peter Thompson and another.

35 229
49 561

May 26, 1886.

**Partnership—Guaranty of Debts of Third Party.**—A guaranty of the debt of a third person *held* not to be within the scope of a particular partnership business, and that one of the partners had no authority to sign the firm name to it.

Evidence *held* not to sustain findings of fact.

Plaintiff (a corporation) brought this action in the district court for Hennepin county, upon written guaranties indorsed upon promissory notes. The action was tried before *Young, J.,* without a jury, and judgment directed for plaintiff. Upon the trial it appeared that the defendants were engaged in business under the firm name of P. Thompson & Co., and that the guaranties were signed in the firm name by the defendant Crosby. The defendant Thompson alone appeared and answered, alleging that the guaranties were made by the defendant Crosby without his (Thompson's) knowledge, authority, or consent. Defendant Thompson appeals from the judgment, and also from an order refusing a new trial.

*Daniel Rohrer* and *Cooley, Akers & Cooley,* for appellant.

*Russell, Emery & Reed,* for respondent.

Gilfillan, C. J. The findings of fact that all the allegations of the complaint are true, and that the defendants, as partners, executed the guaranties sued on, are not sustained by the evidence. The act of executing the guaranties was the act of Crosby, and did not bind his partner, Thompson. There was no attempt to show any authority from the latter to execute them, except from the partnership relation, and the evidence as to its character and purposes shows that executing these guaranties was not within the scope of its business. The only evidence as to its business shows that it was engaged in selling farm machinery as agents for plaintiffs, under contracts for each year, in the years 1880, 1881, 1882, by the terms of which contracts the defendants, whenever they sold a machine partly on credit, were to take from the purchaser, for the unpaid part of the purchase-money,

a note payable to plaintiffs, and indorsed, and payment thereof guarantied by defendants. This was the only case in which the character of. defendants' business contemplated a guaranty by them of the debt of another; that is, on a sale by them of a machine partly on credit. To guaranty the debt of another for accommodation of any one, or to facilitate a transaction by any one, except the purchase of a machine from them, was outside the business of the partnership, so far as the evidence shows its character.

In 1881 defendants sold to one Lewis a machine, partly on credit, and, for the unpaid purchase-money, took his notes, payable to plaintiffs, and indorsed and guarantied the payment thereof pursuant to their contract with plaintiffs; and the same were delivered to plaintiffs. In 1882 Lewis sold the machine to Barton & Emerson, and arranged with plaintiffs that his notes should be surrendered to him, and the notes of his purchasers taken in their stead; and thereupon Crosby, whether at the request of plaintiffs or Lewis or Barton & Emerson does not appear, signed the name of his firm to the guaranties here sued on. It was not done in transacting any business of the partnership; was, so far as that business was concerned, merely gratuitous,—a matter of accommodation to one or other, or all, of the parties in the transaction between plaintiffs, Lewis, and Barton & Emerson.

Judgment and order reversed.